HENRY DWIGHT, Jun., *vs.* THE NORTHERN INDIANA RAIL-
ROAD COMPANY and others.

Upon a reference to ascertain what, if any, damages defendants have sustained
in consequence of an injunction, it is the duty of the party claiming to have
sustained damages, to establish the fact, and the amount, by satisfactory
proof.

If he fails to do so, and the referee, upon the evidence, finds that no damages
have been sustained, his report will not be disturbed, on exceptions.

THIS is an appeal by the defendants Cammann, Wilson &
Fuller, and Azariah Boody, from an order made at spe-
cial term, upon exceptions, to the report of the referee, to
whom it was referred to inquire and report whether any,
and if so, what damages had been sustained by Boody,
or the defendants, by reason of the injunction granted
in the cause.

The gravamen of the complaint was that, on the ninth
day of March, 1854, the plaintiff gave to the defendant,
the Northern Indiana Railroad Company, a promissory
note for $30,373.65, with interest, payable April 1, 1855,
indorsed by the Chicago & Mississppi Railroad Company,
and with it delivered, as a collateral security, five hundred
and seven shares of the capital stock of the said Chicago
and Mississippi Railroad Company; that the note, among
other things, was given upon an usurious contract; that the
defendants Cammann & Co. were the holders of the said
note, and had served on the Chicago and Mississippi Rail-
road Company a notice that they would sell the collateral
security on the 27th of April, 1855, in pursuance of its
hypothecation.

The referee reported, *First.* That on the 26th day of
April, 1855, the plaintiff obtained from one of the justices
of this court an injunction order, restraining the defend-
ants, and each of them, from selling, assigning, transfer-
ring, parting with or in any manner meddling or interfering
with 507 shares of the capital stock of the Chicago and
Mississippi Railroad Company, which were transferred and

delivered by the plaintiff to the defendant Edwin C. Litchfield, treasurer of the Northern Indiana Railroad Company, as collateral security for a promissory note made by the plaintiff for $30,372.29 and interest.

*Second.* That on said 26th day of April, 1855, when the said injunction order was granted, the promissory note mentioned therein, and the said 507 shares of stock collateral thereto, were held by the defendants Cammann, Wilson & Fuller, composing the firm of Cammann & Co., of New York, for the account of said Azariah Boody; but that the said note and the said stock collateral thereto did not belong to said Cammann & Co., but that the same then belonged to, and were the property of said Azariah Boody.

*Third.* That when said injunction was granted, the said Boody was not in the United States, but in Europe. That he went abroad in February, 1855, and returned to this country in May, 1855. That the said Boody was not a party to this action, and was not served with said injunction.

*Fourth.* That said Cammann & Co., while so holding said note and stock, were served with said injunction, and that the same was in force and operation from the said 26th day of April, 1855, when it was granted, until the 30th day of November or the 1st day of December, 1855, when it was dissolved.

*Fifth.* That default having been made in the payment of said note, the said Cammann & Co., in pursuance of the authority therein contained, gave notice to the plaintiff that they would, on the 27th day of April, 1855, sell the said stock at the Merchants' Exchange, by Albert H. Nicolay, auctioneer.

*Sixth.* That on the morning of the 27th day of April, 1855, said Nicolay was served with said injunction, and that in consequence thereof he refrained from selling or attempting to sell said stock.

Dwight *v.* Northern Indiana Railroad Company.

*Seventh.* That from the evidence which had been produced before the referee, he was wholly unable to determine or decide whether or not the stock of the said Chicago and Mississippi Railroad Company, at the time of the granting of said injunction order, or afterwards, had any intrinsic or actual value.

*Eighth.* That from the same evidence it appears that the said stock had no market value in the city of New York at the time of the issuing of said injunction or during the operation thereof.

*Ninth.* That said evidence fails to show, in any distinct legal or satisfactory manner, the amount of damages, if any, which the said Cammann & Co. or the said Boody sustained by reason of the said injunction, and leaves the question whether there were any, and if any, what damages wholly speculative and conjectural.

*Lastly.* That in his opinion it was incumbent on Messrs. Cammann & Co. and Mr. Boody to show affirmatively and by adequate legal evidence, (1.) That damages had been sustained by means of the injunction. (2.) The amount of such damages. That although it was quite probable that the operation of the injunction was detrimental, he was not at liberty to proceed upon surmise or conjecture. Upon the evidence as presented, he found and did accordingly report that neither Messrs. Cammann & Co. nor Mr. Boody had sustained any damage by reason of the said injunction.

Boody excepted to the report; the exceptions were disallowed and the report confirmed, and Boody appealed to the general term.

*Wm. Tracy,* for the appellant.

*Wm. W. McFarland,* for the respondents.

In the matter of Forman's will.

*By the Court,* GEO. G. BARNARD, J.    I think the findings and report of the referee were correct.    The plaintiffs obtained an injunction against the railroad company and others, to prevent them from selling, or attempting to sell, certain stock.    That injunction was afterwards dissolved. The matter was then referred to a referee to ascertain what, if any, damages they had sustained in consequence of its issuance.    He held there were none.    In looking over the testimony, I am satisfied he was right.    It was the duty of the defendants to show what damages they had sustained.    They failed to do so, and consequently the referee rendered a proper judgment.

The order disallowing exceptions to the referee's report should be affirmed, with costs.

[NEW YORK GENERAL TERM, June 7, 1869,  *Clerke, Cardozo* and *Geo. G. Barnard,* Justices.]