WILLIAM A. SWEET, Appellant, *v.* HENRY J. MOWRY and Others, Composing the Syracuse Water Board, the CITY OF SYRACUSE and Others, Respondents.

*Action on an undertaking given to secure defendant from damages upon the granting of an injunction until the further order of the court — burden of proof — costs of the proceedings before a referee when no damages are found to be sustained by reason of the injunction.*

In an action brought to perpetually enjoin the officers of the city of Syracuse, who were about to issue bonds under the provisions of certain acts ·of the Legislature, alleged to be· unconstitutional, the plaintiff applied for an injunction *pendente lite*, and obtained an order to show cause why such injunction should not be granted, which restrained the defendant from proceeding further in the matter until the further order of the court. Upon obtaining such order a bond ·was executed by the plaintiff with a surety in the sum of $250.

Prior to the commencement of such action and the issuing of such order, a bank had resolved to bid for $300,000 of such bonds at a premium of two and one-half per cent above the par value thereof. After the commencement of such action and the granting of such order had become known to the bank, it decided to make no bid for such bonds, and the highest bid received therefor was an average of three-sixteenths of one per cent premium above the par value of such bonds, which were subsequently sold at that price.

Upon the argument of the order to show cause, the court reserved its decision and directed the plaintiff to furnish an increase of security to the extent of $10,000, as a condition for the further continuance of such injunction order. An undertaking was thereupon furnished by the plaintiff in such amount, and thereafter, the court rendered its decision denying the application for an injunction *pendente lite*, and vacating the temporary injunction then existing. The action having proceeded to judgment in the defendant's favor, an order was made referring it to a referee to ascertain the damages sustained by the defendant by reason of such injunction. The defendant claimed damages for the loss sustained in the difference between the actual selling price of $300,000 of bonds and what would have been received therefor had the said bank bid for the same, together with the counsel fees and expenses incurred in obtaining the vacation of the injunction order and for the legal services and expenses on such reference.

The referee reported that the defendant had suffered no damages recoverable under the undertaking by reason of the injunction, or the expenses of its vacation, and found that $1,000 would be a reasonable compensation for the defendant's counsel fees for services rendered at the hearing upon return of the order to show cause, and that $200 would be a reasonable compensation for the defendant's counsel fees on the hearing before him, which report was confirmed at Special Term as to the damages claimed to have been suffered on

the selling of the bonds, but disallowed as to the other items, and the court fixed as the defendant's damages the $1,000 counsel fees and the counsel fees and expenses on the hearing before the referee.

*Held*, that the burden was upon the defendants to show by satisfactory proof that the loss would not have been incurred except for the issuing of the injunction;

That they were not entitled to any damages for the difference between the selling price of $300,000 of bonds and what would have been received therefor had the bank bid for the same, as the conclusion of the bank not to bid for the bonds should be ascribed to the uncertainty as to the validity of the bonds created rather by the commencement of the action than by the issuing of the injunction therein;

That the counsel fees of $1,000 could not be properly charged as damages resulting from the granting of the injunction, but rather as expended in preventing the granting, on the return of the order to show cause, of an injunction to follow it; and that, as no damages were found to have been sustained by reason of the injunction, the plaintiff should not be charged with the expenses of the proceeding before the referee.

CROSS-APPEALS by the defendants, Henry J. Mowry, James B. Brooks, William H. Warner, Charles Hubbard, William K. Niver and Peter B. McLennan, as water commissioners and composing the Syracuse Water Board, from that part of an order of the Supreme Court, made at the Oswego Special Term, and entered in the office of the clerk of the county of Onondaga on the 5th day of January, 1893, which confirmed the report of the referee appointed to ascertain the damages, if any, sustained by reason of an injunction order; and by the plaintiff, William A. Sweet, from that part of such order that does not confirm the report of such referee, and fixed and allowed the sums of $1,000, $200, $165 and $78, as damages sustained by the defendants by reason of such injunction order.

The defendants, or some of them, being officers of the city of Syracuse, were about to issue $500,000 of city bonds under the provisions of certain acts of the Legislature, known as the Syracuse Water Acts, and had advertised for sealed proposals for the purchase of them, such proposals to be received and opened on the 9th day of June, 1890, at three o'clock in the afternoon.

The plaintiff claimed that such acts were unconstitutional, and on the 9th day of June, 1890, commenced an action against all the defendants herein to perpetually enjoin them from proceeding under such acts, and on June seventh applied to a justice of this court for an injunction *pendente lite*.

On such application the justice made an order to show cause, returnable on the 11th day of June, 1890, why such injunction should not be granted, and in the same order restrained the defendants, until the further order of the court, from taking any further proceedings under the statutes in controversy. Such order was served upon the defendants June ninth, and was, before three o'clock of that day, so modified that the defendants were permitted to receive and open any bids which might be tendered for bonds in response to said advertisement. Upon obtaining such order; a bond was executed by the plaintiff, and a surety in the sum of $250.

Prior to the commencement of such action and the issuing of such order the Onondaga County Savings Bank resolved to bid for $300,000 of such bonds at a premium of two and one-half per cent above their par value. During the forenoon of June ninth, the commencement of such action and the issuance of such order became known to the officers of said bank, and they thereupon reconsidered their former resolution and determined to make no bid whatever. The highest bid received on June ninth was an average of three-sixteenths of one per cent premium for the bonds, and all of them were subsequently sold in the fall of 1890 to such bidder.

On June eleventh, upon the return of such order to show cause, the defendants appeared by counsel in response thereto, and argued before the court at Special Term the questions raised thereby. The court reserving its decision for some days after argument, then and there made an order requiring the plaintiff to furnish an increase of security to the extent of $10,000 as a condition for the further continuance of the injunction order, and an undertaking in that amount was thereupon given by the plaintiff and his sureties.

On the 16th day of June, 1890, the court rendered its decision, denying the application for an injunction *pendente lite,* and vacating the temporary injunction then existing. The action proceeded to judgment, which resulted in the defendants' favor, and such judgment was subsequently affirmed in the Court of Appeals.

Afterwards, on September 19, 1891, an order was obtained by the defendants referring it to a referee to ascertain the damages sustained by them by reason of such injunction. Upon the hearing before the referee the defendants claimed damages as follows : For loss sustained in the difference between the selling price of $300,000

# 384    SWEET v. MOWRY.

of bonds and what would have been received had the Onondaga County Savings Bank bid for the same, $6,937.50; for counsel fees and expenses incurred in the removal of such injunction order, $3,000; also for legal services and expenses on such reference.

The referee reported that the defendants had suffered no damages by reason of the injunction, either in the sale of the bonds or expenses of removing it. He found, however, that $1,000 would be a reasonable compensation to counsel for services rendered in the hearing upon the return of the order to show cause. He also found that $200 would be a reasonable compensation for the defendants' counsel fees on the hearing before him.

On a motion at Special Term to confirm such report, the court confirmed the report as to the damages claimed to have been suffered on the sale of the bonds, but disallowed it as to the other items, and fixed as the defendants' damages the $1,000 counsel fee and the counsel fees and expenses on the hearing before such referee. From such order both defendants and the plaintiff appeal to this court.

*Charles H. Peck,* for the plaintiff.

*C. L. Stone* and others, for the defendants.

PARKER, J.:

Upon the question whether the market value of the bonds was depreciated below the price which the savings bank contemplated offering, by the injunction itself, rather than by the litigation then inaugurated, we are not disposed to disturb the conclusion which the referee reached. We think, with him, that on the whole evidence the depreciation which evidently followed the commencement of the action, and the conclusion of the bank not to bid at all, should be ascribed to the uncertainty which the litigation suggested as to the validity of the bonds, rather than to the fact that the defendants were temporarily enjoined from *accepting* bids upon the day they had advertised to receive them.

The burden is upon the defendants, who claim to have sustained the damages, to show by satisfactory proof that the loss would not have been incurred except for the issuing of the injunction. (*Dwight v. Northern Indiana Railroad Co.*, 54 Barb. 271.)

As to the other question, whether the counsel fees incurred upon

the hearing on the return of the order to show cause, can be properly charged as damages, we also think that the referee's conclusion was the correct one.

When the application for an injunction was first made, the judge had the right to deny it until notice of the application was given the defendants, or he might then grant an order requiring them to show cause why such injunction should not be granted. Whichever course he took, he had the right to then "enjoin the defendant until the hearing and decision of the application." (Code Civ. Proc. § 609.)

In this case, he made an order to show cause and enjoined the defendants until the further order of the court. The defendants were then confronted with the following situation: They were threatened with an injunction *pendente lite* to be granted on the eleventh of June, unless they could show cause why it should not be. To make such a showing they must employ counsel, and evidently the order which required them to make that showing, and not the order restraining them from acting in the meantime, was the one which imposed upon them the burden of employing counsel.

The injunction order would continue until June eleventh, whether the defendants employed counsel to appear on that day or not, but in no event would it continue any longer, for it was then to be superseded by a new order of court. Although the order made June seventh, in terms, is to continue "until the further order of court," we give it no other meaning or greater force than is allowed it by section 609, that is, "until the hearing and decision of the application," and, therefore, we say that when such decision was made, whichever way it might be, an order would be made that would supersede the restraining order already granted.

Hence, counsel were not employed to dissolve that injunction. The defendants would have been relieved from that order whether they appeared on the eleventh or not, but they might have been troubled with another order then made, granting an injunction against them *pendente lite*, and, hence, they took measures to prevent such an order from being granted. They went to the expense of hiring counsel, not because the temporary injunction had been granted, but to prevent another and more extensive one from being

made. If the judge had made the order to show cause, and not granted the temporary injunction, the defendants would have had the same condition before them, and the same expense to incur. Hence, it cannot be said that such expense was caused by reason of such injunction. Not having been rendered necessary by the temporary injunction, they cannot be assessed as damages in this proceeding. (*Randall* v. *Carpenter*, 88 N. Y. 293.)

As to the expense of the proceeding before the referee, inasmuch as no damages were found to have been sustained by reason of the injunction, they should not be charged as damages against the plaintiff. He did not render the inquiry necessary, and, therefore, he should not be required to pay the expense of it. (*Randall* v. *Carpenter*, *supra*.)

The order of the Special Term should be reversed, and an order entered confirming the report of the referee.

HARDIN, P. J., and MERWIN, J., concurred.

Order of Special Term reversed, with ten dollars costs and disbursements, and an order allowed confirming the report of the referee.