LONDON AND BRAZILIAN BANK, Limited, Respondent, *v.* R. ST. GEORGE WALKER, as Superintendent of the Coffee Exchange of the City of New York, Impleaded with Others, Appellants.

*Injunction — damages — interested party.*

A party occupying the position of superintendent of the New York Coffee Exchange, was by an injunction prevented from performing the functions of his position under the rules of the exchange, and from directing the payment of money to which others were entitled, until a modification of the injunction was obtained by him, which enabled him to perform the functions of his position and to pay out such moneys. The action was subsequently discontinued.

*Held,* that it could not be said that he was not directly or personally interested in the fund in suit, so as to have a right to an ascertainment of the damages sustained by him by reason of such injunction.

APPEAL by the defendant, R. St. George Walker, as superintendent of the Coffee Exchange of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 25th day of October, 1893, denying his motion for a reference to ascertain the damages sustained by him by reason of an injunction obtained by the plaintiff.

*I. M. Perry,* for the appellant.

*J. W. Greene,* for the respondent.

VAN BRUNT, P. J. :

The plaintiff in this action was a bank corporation organized and existing under the laws of Great Britain and having an office for the transaction of business in the city of New York ; and in March, 1893, at the request of the firm of Barr & Co., also doing business in this city, issued its certain letter of credit for £9,100 ; and thereafter the plaintiff, pursuant to the terms of said letter of credit, duly accepted for account of said firm of Barr & Co. a certain bill of exchange drawn under said letter of credit for over £8,000 ; and as security for the payment of said draft Barr and Co. caused to be consigned to the plaintiff 2,000 bags of coffee, together with the

invoices thereof, properly certified. The plaintiff subsequently delivered to said firm at its request said bill of lading upon the express understanding and agreement that upon the sale of said merchandise by said Barr & Co., they should hand over the proceeds of said sale to the plaintiff. On the 14th of April, 1893, Barr & Co. sold the whole of said 2,000 bags of coffee, and received in part consideration therefor the sum of $53,000, and in violation of their agreement failed to pay said sum of $53,000, or any part thereof, to the plaintiff, but deposited the whole of said sum in the Corn Exchange Bank, which bank, upon its receipt, issued and delivered to said firm a certificate or cashier's check representing the sum so deposited, by which said bank agreed to pay such sum to the order of said firm of Barr & Co., or to such persons as the superintendent of the Coffee Exchange of the city of New York might direct. On the eighteenth of April Barr & Co. made an assignment for the benefit of creditors to one Sherman. The defendant Walker was the superintendent of the Coffee Exchange, and upon the allegation that said Walker was about to direct said bank, pursuant to the provisions of said certificate, to pay the sums named therein, amounting in the aggregate to $53,000, to various firms, individuals or corporations to plaintiff unknown, the plaintiff commenced this action against Barr & Co., their assignee, Walker, as superintendent of the Coffee Exchange, and the Corn Exchange Bank to enjoin and restrain the Corn Exchange Bank from paying over or in any way parting with said sum of $53,000, and the defendant Walker from directing said bank to pay said sum, or any part thereof, to any firm, person or corporation. An injunction was issued, as prayed for in the complaint, with an order to show cause embraced therein. Upon the return day of said order to show cause, Barr & Co., their assignee, the Corn Exchange Bank, and Walker appeared by their respective attorneys, and it having been made to appear to the court that said defendant Walker had on and after the 14th of April, 1893, received and deposited in said bank, in all, the sum of $178,500, and had received certificates of deposit therefor, payable to said Barr & Co., which sum was received as security for the performance by Barr & Co. of contracts between them and members of the Coffee Exchange, upon which contracts Barr & Co. had defaulted, and that by the rules and regulations of the exchange

said sum of $178,500, less about $15,250, had become payable to said members, and that it became the duty of the defendant to direct, and he was about to direct, said bank to pay said sum; and that by said injunction order he was prevented from making such direction, the court directed a partial dissolution of the injunction and a modification thereof. Subsequently to this time the plaintiff and Barr & Co. and their assignee settled this action and desired to discontinue the same. The Corn Exchange Bank and the defendant Walker refused their assent thereto, and a motion was made for discontinuance, which the court granted upon payment of the costs, which costs have been paid. Subsequently the defendant Walker moved for a reference, under the provisions of the undertaking given upon the injunction, to ascertain the damages sustained by him by reason of the injunction, which was denied upon the ground that the discontinuance was the result of an amicable settlement between the plaintiff and the only defendants who were interested in the fund; and that the defendant Walker was not directly or personally interested in the fund, and was made a party only because his presence was essential to a complete adjudication as between the plaintiff and the defendants who were thus interested and who consented to the discontinuance, and that, therefore, the motion was controlled by the case of *Palmer* v. *Foley* (71 N. Y. 111), and was distinguished from the cases of *The Pacific Mail S. S. Co.* v. *Toel* (85 N. Y. 646) and *Wynkoop* v. *Van Beuren* (63 Hun, 500).

In this conclusion we cannot concur. The injunction, as it was originally issued against the bank and Walker, was so broad that it affected them in respect to their relations to others. They were compelled to retain counsel and to procure the modification of the injunction in order that the ordinary business in which they were engaged might be prosecuted with other persons whose money had been deposited by Walker with the bank, and this modification was made. It was not until this modification had been made that it could possibly be said that Walker was not personally interested in the result of this controversy, because he was thereby prevented from performing the functions of the position which he occupied, and from directing to be paid out money to which others were entitled.

It seems to us that under these circumstances the plaintiff cannot

get rid of Mr. Walker against his will without to some extent indemnifying him for the expenses which he has incurred in the procuring of the modification of this injunction so that it would not affect others than those against whom it was issued.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

O'Brien and Follett, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.