---

COE H. TEN EYCK, Respondent, *v.* GEORGE W. SAYER and Others, Appellants.

*Dissolution of an injunction — damages properly recoverable on an undertaking.*

A defendant who has been successful in obtaining the dissolution of an injunction is entitled to recover on the undertaking his damages resulting therefrom, and his reasonable counsel fees and expenses for obtaining the dissolution thereof.

Where an injunction restrained a defendant from preventing the closing and opening of a swing bridge on a public highway, which necessitated the employment of a man to open and close the bridge, the wages of the bridge tender during the continuance of the injunction should be allowed as a part of the defendant's damages.

APPEAL by the defendants, George W. Sayer and others, from that portion of an order, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Orange on the 13th day of November, 1893, which disallows certain items claimed as damages, sustained by the defendants, on an undertaking given upon the granting of an injunction.

*Bacon & Merritt*, for the appellants.

*James Parker*, for the respondent.

SECOND DEPARTMENT, FEBRUARY TERM, 1894.        [Vol. 76.

CULLEN, J.:

This is an appeal by defendants from an order of the Special Term assessing their damages, by reason of an injunction, at ninety-four dollars.

The injunction restrained defendant from preventing the closing and opening of a swing bridge on a public highway. This necessitated the employment of a man to open and close the bridge. The wages of the bridge tender during the continuance of the injunction, twenty-eight dollars, should have been allowed.

The defendants having been successful in obtaining a dissolution of the injunction, their reasonable counsel fees and expenses for that purpose were properly recovered on the undertaking. (*Hovey* v. *Rubber-Tip Pencil Co.*, 50 N. Y. 335; *Andrews* v. *Glenville Woolen Co.*, Id. 282.)

In the fact that they succeeded in the motion to dissolve lies the difference between this case and that of *Randall* v. *Carpenter* (88 N. Y. 293). The Special Term having allowed such damages, the only question is whether it fixed the amount at too small a sum. We think it did. The action was important; the case involved substantial questions of law and fact, and the affidavits were voluminous. On the evidence an allowance of $100 for the services of Mr. Bacon in preparing for and arguing the motion to continue the injunction would be entirely moderate. An allowance of twenty-five dollars should also be made for similar services by his associate. The other charges of counsel seem fairly to relate to the general conduct of the action.

The order appealed from should be modified by increasing the amount awarded defendants by $103, with ten dollars costs and disbursements to appellants.

PRATT and DYKMAN, JJ., concurred.

Order modified by increasing the amount awarded the defendants by $103, with ten dollars costs and disbursements.