PERLMAN v. BERNSTEIN et al.

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

1. INJUNCTION—DAMAGES—ORDER OF REFERENCE—LAW OF THE CASE.
   On appeal from an order denying defendant's motion for reference to ascertain the damages sustained by him by reason of an injunction obtained against him by the plaintiff, where the court reversed the order, holding that the defendant was entitled to a reference, the adjudication necessarily determined that the defendant was entitled to damages.

2. SAME.
   Where, on return of an order to show cause, defendant's counsel appeared to prevent the issuance of a further injunction, and to procure the dissolution of the injunction that had been granted in the order to show cause, and the court rendered an order after the hearing, reciting that defendant was successful in procuring the vacation of the preliminary injunction, the services are shown to have been incurred on account of the injunction, entitling defendant to an order of reference to ascertain his damages in that behalf.

Appeal from Order Entered on Report of Referee.

Action by David Perlman against Moses Bernstein and another. From an order denying defendant's motion to confirm the report of a referee appointed to assess damages, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Benjamin Patterson, for appellants.
Jacob Manheim, for respondent.

HATCH, J. The referee found that the only damages which the defendant had sustained by reason of the issuing of the injunction were for counsel fees in procuring the injunction to be vacated, which sum he fixed at $100, and also allowed costs of the reference in determining the amount which the plaintiff was entitled to be awarded as damages sustained on account of the injunction. It is not claimed

that the sums so allowed are in any wise excessive. The ground upon which the learned court at Special Term refused confirmation of the report was that the damages sustained did not result from the granting of the injunction, but were expended in preventing the issuance of a subsequent order continuing the injunction. Under such circumstances the cases cited of Sweet v. Mowry, 71 Hun, 381, 25 N. Y. Supp. 32, Randall v. Carpenter, 88 N. Y. 293, and others cited by the learned court below, sustain his conclusion. These cases, however, have no application to the one presented by this record. This court, upon an appeal from an order denying the defendant's motion for an order of reference to ascertain the damages sustained by him by reason of the injunction after the action in which it was issued had been discontinued, reversed the order, holding that the defendant was entitled to an order of reference to ascertain such damages. Perlman v. Bernstein, 83 App. Div. 203, 82 N. Y. Supp. 148. The adjudication therein necessarily determined that the defendant was entitled to damages by reason of the injunction, and this is necessarily so under well-settled authorities, as applied to the facts in this case. It appeared herein that the action was brought to set aside a lease made by the plaintiff to Bernstein, and by the latter assigned to the defendant Hammer. The action was based upon fraud alleged to have been committed in procuring the lease, coupled with a claimed subsequent attempt to violate certain covenants contained therein. It also appeared that Hammer was out of possession, and had instituted a proceeding in the Municipal Court to remove the plaintiff from the leased premises, and to recover their possession. The injunction order was contained in an order to show cause, and restrained the defendant from entering upon the premises, or from using the store as a drug store or pharmacy or any similar business, or for any other business than that for the sale of general merchandise; and also enjoined and restrained the defendant from prosecuting the proceedings in the Municipal Court for the possession of the store and the removal of the plaintiff therefrom. It is evident, therefore, that the injunction order entirely tied the defendant's hands, and prevented his enjoyment of the leased premises, and also the prosecution of any steps to obtain their possession. The complaint demanded, inter alia, a perpetual injunction restraining the defendant from using the store as a drug store or pharmacy, or from carrying on therein the drug or a similar business, and also that they be restrained from prosecuting the proceedings brought in the Municipal Court. In Randall v. Carpenter, supra, the injunction was temporary, and there was no prayer for its continuance as a part of the final relief sought in the action; and, as the services which had been rendered consisted of an unsuccessful endeavor to show cause why the injunction should not be continued, it was held that the expenses thus incurred were not damages by reason of the injunction which had been granted. The action in that case was to procure an adjudication respecting the ownership of a certain hotel property, and the injunction pendente lite restrained the defendants until the further judgment or order of the court; but it was no part of the permanent relief asked for, or which could be granted under the pleadings, and as the services which were rendered were ineffectual in dissolution of the injunction, and were not

necessary to any final determination of the controversy, it was held that they were not such damages as the sureties were required to pay. In Newton v. Russell, 87 N. Y. 527, it was said:

"It is well settled that fees of counsel for services in procuring a dissolution of an injunction and in attending a reference to assess damages consequent thereon are properly within the language of such an undertaking (Rose v. Post, 56 N. Y. 603), but it is equally well settled that counsel fees incurred on the trial of the issue in the action are not allowable upon such assessment, unless they were incurred solely or principally in consequence of the injunction."

The exception applies when a trial is rendered necessary to avoid the compelling force of the injunction; but where a trial is had solely to dispose of the issues, and is not essential to get rid of the injunction, expenses incurred in such trial cannot be said to be incurred on account of the injunction. In the present case the expenses which were allowed were incurred as a direct result of the injunction, within the rule of these cases. The defendant, when he appeared in court upon the return of the order to show cause, was there not alone for the purpose of preventing the issuance of a further injunction, but was also there for the purpose of procuring the dissolution of the injunction which had been granted. The order which was entered upon such hearing recites that the defendant was successful in procuring the injunction order which had been granted to be vacated and set aside, and such services were clearly incurred on account of the injunction within the cases to which we have called attention, as well as others. Ten Eyck v. Sayer, 76 Hun, 37, 27 N. Y. Supp. 588; Andrews v. Glenville Woolen Co., 50 N. Y. 282; London & Brazilian Bank v. Walker, 74 Hun, 395, 26 N. Y. Supp. 844. In addition to this, had the action not been discontinued, or the injunction vacated, the defendant would have been required to prosecute the same to judgment in order to rid himself of the injunction had it been continued. If, therefore, there had been a trial, the expenses incurred in connection with that would have been necessarily rendered in order to permit the defendant to have the advantage of the contract of lease which he had made. It is evident, therefore, that this case is distinguishable from the cases cited by the learned court below, and calls for the application of a different rule.

It follows that the order should be reversed with $10 costs and disbursements, and the motion for confirmation should be granted, with $10 costs. All concur.