(112 App. Div. 674)

SARGENT v. ST. MARY'S ORPHAN BOYS' ASYLUM et al.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. INJUNCTION—PRELIMINARY INJUNCTION—BOND—LIABILITY.
   The costs and expenses of opposing a motion made on an order to show cause why an injunction pendente lite should not be granted, where the temporary restraining order is limited to expire on the hearing of the motion, are not recoverable as damages, because of the preliminary injunction.

2. SAME—ACTION—REFERENCE.
   After the final dismissal of the complaint, it was proper to direct a reference to ascertain the damages sustained by defendant by reason of a temporary restraining order.
   [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 550, 561, 586.]
   Kruse, J., dissenting.

Appeal from Special Term, Monroe County.

Suit by James Sargent against the St. Mary's Orphan Boys' Asylum and others. From an order confirming the report of a referee, to whom a reference was had to determine defendants' damages by reason of a restraining order, plaintiff appeals. Reversed, and motion for a confirmation of the referee's report denied.

The action was commenced on or about May 22, 1901, for the purpose of restraining the board of education of the city of Rochester and the public officials from paying the defendants Leonie, Adrian, Cassimer, and Gerard for services rendered as teachers in St Mary's Orphan Boys' Asylum. Accom-

panying the summons and complaint were an order to show cause, restraining order, and an undertaking by the plaintiff, which are the basis of this proceeding and the defendant's claim for damages. On the 20th day of May, 1901, the plaintiff, upon the summons, complaint, affidavits, and an undertaking, obtained from the county judge of Monroe county an order requiring the defendants to appear at a special term of this court to be held on the 25th day of May, 1901, and show cause why an order should not be granted restraining the board of education of the city of Rochester and its individual members, as commissioners of common schools and as members of said board, during the pendency of the action from auditing, allowing, directing the payment of, and paying, any bill or demand in favor of the defendants Leonie, Adrian, Cassimer, and Gerard for services rendered as teachers in the defendant asylum, and restraining the treasurer of the city of Rochester during the pendency of the action from signing or issuing any check upon the public moneys in payment of any such bill or demand, and restraining the comptroller of the city of Rochester during the pendency of the action from auditing any such bill or demand, and from countersigning any such check in payment thereof. And further ordering that said board of education and officials be restrained until the hearing and determination of the motion, not exceeding 20 days, from auditing, allowing, and directing the payment of, and paying, any bill or demand in favor of the defendants Leonie, Adrian, Cassimer, and Gerard, or either of them, for services which they have rendered, or during such period shall render, as teachers in the school and institution of learning maintained and conducted at the city of Rochester, N. Y., by the defendant St. Mary's Orphan Boys' Asylum; and restraining the city treasurer from signing and issuing checks in payment of such bill or demand, and the comptroller from auditing the same, until the hearing and determination of the motion. The undertaking is in the usual form, and recites that the plaintiff is about to apply for and obtain an injunction order restraining the board of education of the city of Rochester and other officers from auditing or paying the defendants, naming them, for services which they have rendered, or during the pendency of the action shall render, as teachers in the school of the St. Mary's Orphan Boys' Asylum; restraining the comptroller from auditing such bill or demand; restraining other officers from signing, delivering, or countersigning such checks, and concludes: "Now, therefore, we [the plaintiff and surety] do hereby, pursuant to the statute and said order, jointly and severally undertake that the plaintiff herein will pay all costs that may be awarded the defendants herein, or either of them, if the court shall finally determine this action in favor of such defendants, or either of them, not exceeding $1,000; and also in like manner undertake that the plaintiff will pay to the said defendants Sister Leonie, Sister Mary Adrian, Sister Mary Cassimer, and Sister Mary Gerard, and each of them, such damages as they, or either of them, shall sustain by reason of said injunction if the court shall finally determine that the plaintiff is not entitled to such injunction." The motion upon the order to show cause was argued May 29, 1901, and on June 21, 1901, an order was granted denying the motion, as follows: "That the said motion be, and the same hereby is, in all respects denied, with ten dollars costs." The defendants having succeeded in the action, and the complaint of the plaintiff finally dismissed, this proceeding was commenced by an order of the Monroe (March, 1904) Special Term, directing a reference to ascertain the damages sustained by the defendants, or either of them, by reason of the restraining order and injunction, and report the same to the court. The reference was executed, and on April 25, 1905, the referee filed his report, wherein he found that the damages sustained by the defendants Leonie, Adrian, Cassimer, and Gerard and St. Mary's Orphan Boys' Asylum by reason of the restraining order of May 20, 1901, amounted in the aggregate to the sum of $737.36. By an order of the Monroe (September, 1905) Special Term, the report of the referee was in all respects confirmed, with $10 costs of the motion, and from that order the plaintiff appeals to this court.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

David N. Salisbury, for appellant.

James M. E. O'Grady, for respondent.

NASH, J. The learned referee in his opinion says:

"If the question were a new one, I should find difficulty in coming to the conclusion that this expense was incurred by the defendants by reason of the injunction, and such it must be to come within the terms of the undertaking. The injunction was self-limited. Whatever order the court might make upon the return of the order to show cause would supersede the original order granting the injunction in question. If the court had granted the plaintiff's motion. it would have granted a new injunction, to continue during the pendency of the action. Having denied the plaintiff's motion, there was no need for the court to vacate the original order, because it fell of its own weight. The defendants were concerned in making diligent preparation to oppose the motion, not in order that they might dissolve the preliminary injunction, because that would dissolve itself on the determination of the notice, but to prevent the granting of a new injunction, which would continue until final judgment, and might be fraught with serious consequences. If it is suggested that if the defendants had not appeared the plaintiff might have failed to bring the motion on for argument, and therefore the injunction would have continued by force of its own terms, the rejoinder is sufficient that to prevent this the defendants need only appear, and take the plaintiff's default and a denial of his motion, and that preparation was necessary only to prevent the new and more serious evil of the new injunction. This view is sustained by Sweet v. Mowry, 71 Hun, 381, 25 N. Y. Supp. 32, in which the opinion was written by Justice Parker, and in which the facts were similar to those in the case at bar. A contrary view has, however, been taken in the case of Perlman v. Bernstein, 93 App. Div. 335, 87 N. Y. Supp. 862, and, as this case has been affirmed by the Court of Appeals in 179 N. Y. 531, 71 N. E. 1138, I feel that the decision in the case at bar must be controlled by it, unless it can be distinguished in its facts."

We think the two cases are clearly distinguishable. Perlman v. Bernstein was an action brought to set aside a lease made by the plaintiff to Bernstein, and by the latter assigned to the defendant Hammer. The latter was out of possession, and had instituted a proceeding in the Municipal Court to remove the plaintiff from the leased premises and to recover their possession. The injunction order was contained in an order to show cause, and restrained the defendant, until the further order of the court, from entering upon or into the store mentioned in a lease of the premises, and from using the store as a drug store or pharmacy, or any similar business, or for any other business than the sale of general merchandise; and also enjoined and restrained the defendant Hammer, until the further order of the court, from prosecuting the proceeding in the Municipal Court for the possession of the store, and the removal of the plaintiff therefrom, and requiring the defendants to show cause at special term why the injunction "herein contained" should not be continued during the pendency of the action. App. Div. Records, vol. 1375. As stated in the opinion, the injunction order entirely tied the defendant's hands, and prevented his enjoyment of the leased premises, and also the prosecution of any steps to obtain their possession. The complaint demanded, inter alia, a perpetual injunction, restraining the defendants from using the store as a drug store or pharmacy, or from carrying on therein the drug store or a similar business, and also that they be restrained from prosecuting the proceeding brought in the Municipal Court.

The defendant appeared on the return day of the order to show cause, and succeeded in having the injunction set aside. The order denied the motion to continue the injunction during the pendency of the action, and further ordered that the "said injunction heretofore granted herein, be, and the same hereby is, vacated and set aside." The distinguishing feature of the case at bar is that here the injunction was temporary. It was to continue only until the hearing and determination of the motion for an injunction pendente lite. The defendants employed counsel to oppose that motion, not to move to vacate an order which upon the hearing and decision of the motion would be no longer of any force or effect. No order to vacate the temporary restraining order was required, and none was made. The motion for an injunction during the pendency of the action was simply denied, with $10 costs. As was said by Judge Parker in Sweet v. Mowry, the defendants would have been relieved from that order whether they appeared pursuant to the order to show cause or not. "They went to the expense of hiring counsel, not because the temporary injunction had been granted, but to prevent another and more extensive one from being made. If the judge had made the order to show cause, and not granted the temporary injunction, the defendants would have had the same condition before them, and the same expense to incur." · The decision in Perlman v. Bernstein was placed upon the ground that the expenses incurred were allowed as a direct result of the injunction. The ground of the decision is stated in the opinion of the court, as follows:

"The defendant, when he appeared in court upon the return of the order to show cause, was there, not alone for the purpose of preventing the issuance of a further injunction, but was also there for the purpose of procuring the dissolution of the injunction which had been granted. The order which was entered upon such hearing recites that the defendant was successful in procuring the injunction order, which had been granted, to be vacated and set aside; and such services were clearly incurred on account of the injunction, within the cases to which we have called attention, as well as others."

The distinguishing features may not be broad, but they are clear, and were so understood by the court in Perlman v. Bernstein. Judge Hatch, writing for the court, says:

"The ground upon which the learned court at Special Term refused confirmation of the report was that the damages sustained did not result from the granting of the injunction, but were expended in preventing the issuance of a subsequent order continuing the injunction. Under such circumstances, the cases cited of Sweet v. Mowry, 71 Hun, 381, 25 N. Y. Supp. 32, Randall v. Carpenter, 88 N. Y. 293, and others cited by the court below, sustain his conclusion. These cases, however, have no application to the one represented by this record."

—Referring to a previous decision in the same case (83 App. Div. 203, 82 N. Y. Supp. 148).

In concluding his opinion, Judge Hatch said:

"It is evident, therefore, that this case is distinguishable from the cases cited by the court below, and calls for the application of a different rule."

We conclude that the rule is settled that the costs and expenses of opposing a motion made upon an order to show cause why an injunction pendente lite should not be granted, where the temporary restrain-

ing order is limited to expire upon the hearing of the motion, are not recoverable as damages because of the preliminary injunction.

The appeal from the order confirming the referee's report properly brings up for review the question of the right of the defendant to the damages which have been awarded. The order of reference was a matter of right. It could not be determined what damages the defendants were entitled to recover by reason of the preliminary injunction until the facts were before the court. While it is held that the damages here awarded are not recoverable, it is not held that no damages can be recovered because of a preliminary injunction such as was included in the order to show cause. There may be damages directly affecting a party to his injury by reason of a temporary injunction which would be recoverable. The practice adopted here is the same as that followed in Sweet v. Mowry. We think it is correct.

It follows that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur, except KRUSE, J., who dissents.