clude the right to construct mains and wires under public waters as special franchises was an inadvertent one, but it is immaterial for the purposes of the present application. Whatever doubts there may be as to the classification of special franchises to operate mains, etc., under public waters as real property, the statute clearly includes under the term "special franchise" such tangible property under public waters as is used in connection with the special franchise. The distinction inferred in the clause "in connection with the special franchise" clearly covers the case of the relator. It has brought itself within the provisions of the exception, if it be an exception at all, namely, it sets forth that the only property of the kind described in the assessments which it possessed was such as was situated in, upon, under, or above streets, highways, and public places of the borough of Brooklyn, and included in the special franchises upon which it was assessed by the state board of tax commissioners. In other words, it was tangible property situated in public waters as a part or continuation of its system in the public streets, and operated by it under its special franchise and in connection therewith. As there is no suggestion that the property under water was the subject of a separate and distinct franchise, no such inference can be drawn. It was tangible property within the meaning of subdivision 3, and under section 47 of the tax law assessable and taxable only by the state board of tax commissioners.

The assessments by the respondents should be vacated.

Assessments vacated.

---

### In re REED.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

INJUNCTION—LIABILITIES ON UNDERTAKING TO PROCURE—DAMAGES.

A preliminary injunction, granted to plaintiff against defendant, was continued pending the action; but its operation was suspended during an appeal. Upon appeal the order was reversed, and thereupon plaintiff, by an ex parte order, discontinued the action. Held, that this was equivalent to a final determination that plaintiff was not entitled to the injunction, and defendant became entitled, under the undertaking for the injunction, to compensation for the expenses he had been put to by reason of its issuance and in his efforts to vacate it, as damages suffered by reason of the injunction, though he had not in fact been restrained from doing anything.

Appeal from Special Term.

Action by Lew Dockstader against Gus Reed. From an order denying an application by defendant for a reference to ascertain damages suffered by reason of an injunction, under an undertaking, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Goldzier, for appellant.
Henry J. Goldsmith, for respondent.

SCOTT, J. The defendant appeals from an order denying his motion for a reference to ascertain the damages suffered by reason

of an injunction. An action was brought by one Lew Dockstader against the appellant. A preliminary injunction was granted, restraining the appellant from doing certain things until "the hearing and decision of the court upon this application." The injunction order contained the usual directions to the appellant to show cause why the injunction should not be continued during the pendency of the action. Before the return day the appellant obtained ex parte a modification of the injunction. On argument the injunction as originally granted was continued pendente lite; but its operation was suspended pending an appeal. Upon appeal the order was reversed, and thereupon the plaintiff by an ex parte order discontinued the action.

This was equivalent to a final determination that the plaintiff had not been entitled to the injunction, and the appellant thereupon became entitled to such damages as he had suffered by reason of it. It is true that he had not been in fact restrained from doing anything; but he was necessarily put to expense by reason of the issuance of the injunction, and in the ultimately successful efforts to vacate it. These expenses certainly were damages suffered in consequence of the injunction. Perlman v. Bernstein, 93 App. Div. 335, 87 N. Y. Supp. 862; Id., 179 N. Y. 531, 71 N. E. 1138.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### BARNETT v. COHEN.

(Supreme Court, Appellate Term. June 3, 1908.)

MASTER AND SERVANT—DISCHARGE—FAILURE TO PAY EMPLOYÉ.

Failure by an employer to pay his employé as required by contract is not tantamount to a discharge, so as to entitle the employé, who left his employment because of such failure, to maintain an action as for a wrongful discharge.

Appeal from City Court of New York, Trial Term.

Action by Morris A. Barnett against Isaac Cohen. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Moses Feltenstein, for appellant.
Ira A. Miller, for respondent.

GREENBAUM, J. The gravamen of plaintiff's complaint is that on March 23, 1907, he was wrongfully discharged by the defendant, with whom he had a contract of employment for one year, ending November 17, 1907. Upon the facts as testified to by the plaintiff, he left the defendant's employ, not because he was discharged or told to leave by defendant, but because the latter refused to pay him the balance of $180 apparently concededly due plaintiff at the time when he ceased working for defendant.

The plaintiff was clearly justified in his refusal to continue to