repair it." He admitted that it was his fault, and therefore had apparently the same belief with reference to the subject that the plaintiff had. They both may have been, and probably were, mistaken; and it would so seem from the testimony of the plumber, who subsequently took out the brick drain, and put in the iron pipe. But that does not in any way establish an intent on the part of the plaintiff to falsify, or to induce the defendants to enter into a contract by deceit on her part. And so with reference to the further representation regarding the cost of the alteration. The defendant Boll merely testifies that the plaintiff stated to him that she had an estimate made of the probable cost, which would be $200. She testifies she made no statement at all of that character. Now, even if such a statement were made, it was only made as an estimate. The defendant Boll does not testify that he agreed merely to pay one-half of $200, but he agreed to pay one-half of the expense; and his letter to the plumbers distinctly states that he had made an arrangement to divide the expense for changing the sewer in No. 246, if certain other persons, who had also a right to use the sewer, did not come in and contribute to that expense. The burden of proof was upon the defendants to show the falsity of all the representations alleged. The proof was inadequate to show that asserted falsity. The promise was made upon good consideration, and the verdict was against the evidence.

The motion for a new trial should have been granted, and the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

PHOENIX BRIDGE CO. et al. v. KEYSTONE BRIDGE CO. et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

INJUNCTION—UNDERTAKING—DAMAGES.

Counsel fees on and before trial of an action for an injunction, and on appeal from a judgment dismissing the complaint, are not allowable as damages sustained by the injunction, or by reason of the continuance thereof after the dismissal of the complaint, where such continuation was not objected to by defendants, and no motion was made by them to vacate the injunction.

Appeal from special term, New York county.

Action by the Phœnix Bridge Company and others against the Keystone Bridge Company and others. From an order confirming the report of a referee assessing the damages sustained by defendants by reason of an injunction, and directing the sureties on the undertaking given on such injunction to pay the same, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Delos McCurdy, for appellants.
H. B. Closson, for respondents.

INGRAHAM, J. The nature of the action and the ground of the decision of the court upon the trial are stated in the opinion

of the court of appeals affirming the judgment dismissing the complaint. 142 N. Y. 427, 37 N. E. 562. It was there held that the action was brought in the affirmance, and not in repudiation or disaffirmance, of the agreement alleged, and that; in such an action, the court was right in refusing to the plaintiff any relief upon a contract which the complaint alleged to be, void as contrary to public policy, and illegal as being a combination to enhance prices. The judgment demanded by the complaint was that certain action of the associates to that agreement assessing an amount claimed to be due from the plaintiff to the associates be decreed to be unlawful, null, and void, and that the defendants be enjoined and restrained from taking any action towards the expulsion of the plaintiff from 'said association, or enforcing against the plaintiff the penalty in said agreement of association contained, and from forfeiting the rights and interests of the plaintiff in and to the guaranty fund of said association. The complaint further prayed that a temporary injunction might issue restraining the association from expelling the plaintiff, or enforcing against the plaintiff the penalties in the agreement of association contained, and from in any manner interfering with, removing, dividing, or distributing the guaranty fund of said association, or any part thereof, until the hearing and determination of the action. Upon the commencement of the action a temporary injunction was granted, substantially as prayed for in the complaint. Upon obtaining such order the plaintiff furnished the usual undertaking on the injunction in the sum of $500. Upon the return of the order to show cause why such temporary injunction should not be continued, the defendants asked and obtained a modification of the injunction, and, as modified, it was continued, without opposition on the part of the defendants. Later in the progress of the suit, and before the action was reached for trial, the defendants made a motion for a further modification of the injunction, which was granted, without opposition, so that the amount of the guaranty fund required to be retained was reduced to the interest claimed in such fund by the plaintiff, to wit, the sum of $40,000. The action subsequently came on for trial at special term, when the complaint was dismissed, upon the ground that, the contract being illegal, as against public policy, the court was not bound to enforce it between the parties. An appeal was taken from that judgment, and on plaintiffs' motion the injunction was continued pending such appeal. Upon the continuance of such injunction an undertaking was given, by the plaintiffs, which provided that the sureties upon such undertaking would pay all costs and damages which might be awarded against the plaintiffs upon such appeal, and also the sum directed to be paid by said judgment so appealed from, and also contained the following provision:

"And do also undertake that, if the said judgment, so far as it vacates such injunction, shall be affirmed, the appellant will pay all damages which the defendants have sustained by reason of the said injunction, or by reason of the continuance thereof, the amount thereof to be determined as provided by the statute in such case made and provided."

The judgment so appealed from was affirmed by the general term, and subsequently by the court of appeals. Upon such affirmance a motion was made in the court below for the appointment of a referee to ascertain the amount of damages sustained by the defendants, or either of them, by reason of such injunction, and this appeal is taken from the order confirming the report of such referee.

No question is raised as to the power of the court to continue an injunction after a final judgment in the action is entered dismissing the complaint, and the defendants consented to the entry of the order continuing such injunction upon the giving of the undertaking before referred to. The question that we have to determine is as to the liability of these sureties upon the undertaking given by them, and the amount of such liability. On the original undertaking for $500, the sureties agreed that the plaintiffs would pay to the defendants the amount of such damages, not exceeding the sum of $500, as they might sustain by reason of the injunction, if the court finally decided that the plaintiff was not entitled thereto. And upon the undertaking given to secure the continuance of the injunction after judgment, the sureties undertook that, if the said judgment, so far as it vacates such injunction, should be affirmed, the appellant would pay all the damages which the defendants shall have sustained by reason of said injunction, or by reason of the continuance thereof. By the decision of the court on the trial it was determined that the plaintiffs were not entitled to the injunction; and upon the appeal, the judgment, so far as it vacates such injunction, was affirmed, and the sureties upon these undertakings to obtain the injunction became liable to pay the damages which the defendants sustained by reason of the injunction while it continued, and the sureties on the undertaking given to secure the continuance of the injunction became liable to pay the damages which the defendants sustained by reason of the continuance thereof. The condition of the undertaking was, not that the plaintiffs would pay the damages if they should not have a good cause of action other than that alleged in the complaint, but that the plaintiffs would pay such damages if the court should finally decide that the plaintiffs were not entitled to the injunction in that action; and, upon the second undertaking, that such damages should be paid if the judgment which vacated said injunction should be affirmed. The final judgment of the court of appeals affirming such judgment imposed upon the sureties the liability to pay the damages sustained by the defendants. The referee allowed, as the damages sustained by the defendants, the counsel fees, exclusive of taxable costs and allowances, on and before the trial, of $1,250, and the counsel fee on the appeal to the general term of $500. We think that these sums were improperly allowed as damages sustained by reason of the injunction. As before stated, no application was made by the defendants, on the return of the order to show cause why the injunction should not be continued, to vacate the injunction; nor was objection made to its continuance, except the modification before referred to was applied for.

The objection that the court would not aid either of the parties to this illegal agreement to enforce the agreement, or to prevent a violation thereof, plainly appeared on the face of the complaint, and was the objection that was finally sustained by the court upon the dismissal of the complaint, and by the court of appeals on the affirmance of the dismissal. We must assume that, if that question had been presented to the special term on the return of the motion to continue the injunction, the correct principle would have been applied, and the injunction vacated, and a trial would not have been necessary to get rid of the injunction. The defendants were not obliged to submit to the restraint until the trial, because it could have disposed of the injunction by opposing the motion to continue it pending the litigation. The contingency, therefore, which would justify allowance of the expenses of the trial was not presented in this case, and upon the principle established in Andrews v. Woolen Co., 50 N. Y. 282, such counsel fee was not allowable. There (at page 287) the court says:

"The other item objected to was the counsel fee upon the trial. Ordinarily, this would not be allowable, but under the circumstances I think it was. The defendant made the proper effort to dissolve the injunction before the trial. [He had moved to dissolve the injunction.] The court required that the question should be deferred to be disposed of on the trial. A trial was therefore necessary, not merely to dispose of the issues but to get rid of the injunction. Until the cause would be tried, the defendant was obliged to submit to the restraint. It was placed in that position by the order of the court, and not by its own laches."

Here the defendant made no effort to dissolve the injunction before the trial. The trial was not, therefore, necessary to get rid of the injunction, and the defendants were placed in this position, not by order of the court, but by their acquiescence in the continuance of this injunction. This question was presented to the general term of the supreme court in this department in Whiteside v. Cottage Ass'n, 64 Hun, 557, 32 N. Y. Supp. 725, and it was held that the counsel fee in such case was necessitated, not by the injunction, but by the suit which the association was compelled to defend, and that the counsel fee paid under such circumstances could not be recovered of the sureties. The cases cited in that opinion fully sustain that conclusion. We think, therefore, that the allowance of these counsel fees cannot be sustained. It appeared, however, that the two modifications of the injunction obtained by the defendants involved an expense of $75, and we think that sum can be fairly said to be damages sustained by the defendants in consequence of the injunction, and that that amount should be allowed, instead of the amount of $1,750, damages allowed for counsel fee for the trial of the action, and that the sureties upon the undertaking given to obtain the injunction in the first instance were responsible for the payment of this amount. The counsel fee upon the reference, and the expenses of the referee, were properly allowed.

The remaining item is the difference between legal interest and the amount of interest earned by the defendants upon the funds held under said injunction. The defendants have shown no such loss of interest by reason of this injunction. Section 15 of the contract between the members of the Bridge Manufacturers' Association pro-

vided that all the funds of the association should be deposited with such banks or trust companies as the executive committee should direct. When the injunction was obtained on January 28, 1890, one-half of the guaranty fund was on deposit with the United States Trust Company and the remaining one-half with the Union Trust Company. On September 30, 1890, the whole of the fund was deposited with the former company. On February 7, 1891, $170,000 was withdrawn from the United States Trust Company, still leaving $40,000 with that company. What was done with the remainder is not shown. Thus it appears that the defendants did with the guaranty fund, including the plaintiff's $40,000, precisely what they had been doing prior to the injunction. It was not shown that the $170,000, removed from the United States Trust Company on February 7, 1891, was placed more advantageously. On the other hand, it was shown that the removal of one-half of the fund on September 30, 1890, was due to more advantageous rates received from the United States Trust Company. For all that appears, the $40,000 claimed by the plaintiffs might have been removed with the rest of the fund on February 7, 1891. The defendants were at liberty to deposit it wherever they saw fit. All that was required of them by the injunction was that they should not distribute it among the individual members, as the property of such members. It is, in fact, the distinct claim of the defendants that they earned with this money all that could be earned in the manner provided for by the contract, viz. by deposit with banks or trust companies. And that very contention, supported by the proof, is fatal to their position. It is true that, where one withholds money to which another is entitled, the latter may recover legal interest. That is presumed to be the damages caused by the detention. Sanders v. Railway Co., 94 N. Y. 641. But there was here no withholding. The defendants have had possession of the fund throughout. They have been, to a certain extent, restrained in their use of it. The question is, did this restraint, as matter of fact, damage them? Did it prevent their securing legal interest or any greater interest than they did? Plainly not, since they used it just as they would otherwise have done. But, if it did, that fact should have been shown. The presumption of damage up to the legal rate has never been applied, except where the money has been withheld. In other words, that is the measure of damages for a total deprivation of possession. Here there is simply a qualification of the right attaching to possession and ownership. The same rule ought not to apply in both cases. The legal presumption which governs when the successful party has not the possession must yield to the actual fact when that possession has been his throughout.

The order appealed from should be modified, by fixing the amount of the damages sustained by the defendants in consequence of the granting and continuance of the injunction at $325, and the order, as so modified, should be affirmed, without costs. All concur.