### YOUNGS et al. v. McDONALD.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. PRELIMINARY INJUNCTION—DAMAGES—EXPENSE OF REFERENCE.
   Reasonable counsel fees incurred in a proceeding to ascertain the damage caused by the continuance of a preliminary injunction are properly allowed against the surety, as part of the damages.

2. SAME—MOTION FOR CONTINUANCE—EXPENSE.
   Counsel fees incurred in opposing a motion to continue a preliminary injunction pending a suit for a permanent injunction are not damages caused by the continuance, since they are incurred before the continuance, and hence cannot be allowed against the surety in proceedings to ascertain the damages.

3. SAME—NECESSARY ACTION—EXPENSE.
   Though the expense of a suit, not necessary to prevent a preliminary injunction from becoming permanent, cannot be allowed against the surety, as part of the damages caused thereby, such expenses are properly allowed if it appears that the defendant made all reasonable efforts to obtain a dissolution, and failed, so that the trial was necessary.

**4. SAME.**

> Though the expense of a trial, necessary to prevent a preliminary in-
> junction from becoming permanent, is properly allowed as damage caused
> by the continuance of the preliminary injunction, expenses incurred in
> preparing for the trial before the preliminary injunction was continued
> cannot be allowed against the surety, since such expenses were not caused
> by the continuance.

Appeal from special term, New York county.

Injunction by Henry Youngs and others against Patrick J. Mc-
Donald. Judgment for defendant. From an order overruling plain-
tiffs' exceptions to the report of a referee fixing defendant's dam-
ages in consequence of a preliminary injunction, and confirming such
report, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Clarence E. Thornall, for appellants.
James A. Douglas, for respondent.

INGRAHAM, J. This action was brought to restrain the defend-
ant from removing certain fixtures which had been placed upon
premises leased by him from the plaintiffs, which he claimed he
had a right to remove at the expiration of the lease. The action
was commenced in April, 1899. On the 24th day of that month
an injunction order was granted by one of the justices of this court
which contained an order to show cause why such injunction should
not be continued during the pendency of the action. The special
term, by order entered July 17, 1899, continued the injunction, not-
withstanding the opposition of the defendant, on condition that
the plaintiffs execute, file, and serve an undertaking in the sum
of $3,000 to pay any damages which the defendant sustained by rea-
son of the said injunction. The order further provided:

> "The grounds for granting the above injunction are that the doing of the
> above-restrained acts pending the litigation would render a judgment in favor
> of the plaintiffs ineffectual, and would be in violation of plaintiffs' rights."

In compliance with this condition an undertaking was filed by
the Union Surety & Guaranty Company by which the surety under-
took that the plaintiffs "will pay to the said defendant such dam-
ages, not exceeding the sum of $3,000, as the defendant may sus-
tain by reason of the said injunction if the court shall finally de-
cide that the plaintiffs are not entitled thereto." When this in-
junction was continued and the undertaking given, the case had
been noticed for trial by both parties, and the trial had been fixed
for a day certain prior to the decision of the motion to continue the
injunction, but the case was not tried until the following October.
The trial resulted in a final judgment dismissing the complaint in
the action, with costs, entered on January 23, 1900. Subsequent
to the entry of the judgment the defendant applied to the court to
ascertain the damage sustained by the defendant by reason of said
injunction, and a referee was appointed for such purpose. The
referee reported that the defendant had necessarily incurred ex-
pense—First, for services of counsel retained by him in procuring
a dissolution of said injunction and opposing the making thereof,

in the sum of $1,735, being the reasonable value of said services over and above the general costs recovered in the action; second, for the reasonable value of the services of counsel retained in procuring the order of reference to assess the damages therein, in the further sum of $40; and, third, for the reasonable value of counsel's services upon the said reference, in the sum of $300. The referee further reported that he allowed $1,500 for services generally in preparation for and upon the trial of the action, and $300 for the services rendered upon the motion for the continuance of the injunction on the return of the order to show cause, and allows no damage to the defendant for the withholding of possession of the fixtures which are the subject of the action. The total amount allowed by the referee was $2,075, with the fees of the referee and stenographer upon the reference. The plaintiffs excepted to this report, but such exception was overruled and the referee's report confirmed, and from the order confirming the same the plaintiffs appeal to this court.

The allowance by the referee for the reasonable value of services of counsel retained to prosecute this proceeding for the ascertainment of the damages sustained by the defendant in consequence of the injunction seems to be proper, as the referee had personal knowledge of the services rendered in the proceeding before him, and the witnesses as to the value of the services were examined before him. His finding upon that subject seems to be sustained by the evidence, and we are not disposed to interfere with the amount fixed by him for such services. We do not think that the plaintiffs are liable for the counsel fees incurred in opposing the motion to continue the injunction during the pendency of the action. The question that was then presented to the special term was whether an injunction should continue during the pendency of the action. The expense incurred by the defendant in the argument of that motion was not a damage or injury caused to him by the continuance of the injunction, as it was incurred before the injunction was continued and before the bond was given. The question was whether or not there should be an injunction, and whether or not such injunction, when granted, would cause the defendant injury, had no relation to a determination of the question as to whether or not it should be granted. This question was presented to the late general term of the supreme court, in the First department, in the case of Whiteside v. Association, 84 Hun, 555, 32 N. Y. Supp. 724, where the court said:

"It [the injunction] was granted, as we have already said, upon notice, and the counsel fees paid by the defendant for opposing the application for the injunction do not constitute damages occasioned to him by the injunction granted. And it is for damages resulting to him because of the granting of the injunction that the surety agrees to respond."

The remaining question is as to the allowance by the referee of the sum of $1,500 for the services of counsel in preparing for and upon the trial of the action. The rule that has been established in relation to the liability of a surety upon such an undertaking as to counsel fees incurred by the defendant for the trial of the action

seems to be that ordinarily such counsel fees will not be allowed as damages sustained by the injunction; that, to justify such an allowance, it must appear that the defendant had made all reasonable and proper efforts to obtain a dissolution of the injunction, and had failed, so that the trial of the action was necessary, to get rid of the preliminary injunction. The sureties in such a case are liable only for the damages caused by the preliminary injunction. The expenses incurred by the defendant in defending the suit, not necessary to prevent the preliminary injunction from becoming permanent, are not damages caused by reason of the preliminary injunction; and thus, in Phœnix Bridge Co. v. Keystone Bridge Co., 10 App. Div. 176, 41 N. Y. Supp. 891, we held that where an injunction was granted upon notice, but without opposition of the defendant, and where no motion was made to vacate it, the counsel fees on and before the trial were not properly allowed. The distinction between that case and this is that in this case the defendant did appear and oppose the continuance of the injunction. The court, however, continued the injunction. There was thus imposed upon the defendant the obligation of trying the action in order to procure a dissolution of the injunction, which had been continued in force until the final judgment. No motion subsequently made to vacate that injunction would have been effectual, as the parties to the action were bound by the adjudication that the injunction should continue until the final judgment in the action. The defendant had done everything he could to avoid the continuance of this injunction. The only way in which he could get rid of it was by a trial of the action. The case is thus brought directly within the case of Andrews v. Woolen Co., 50 N. Y. 282, where the court held that the counsel fees upon the trial in that case could be allowed, saying:

"The defendant made the proper effort to dissolve the injunction before the trial. The court required that the question should be deferred, to be disposed of on the trial. A trial was therefore necessary, not merely to dispose of the issues, but to get rid of the injunction. Until the cause should be tried, the defendant was obliged to submit to the restraint. It was placed in that position by the order of the court, and not by its own laches."

This is applicable to the case at bar. Nothing that the defendant could do would have enabled him to be relieved from the restraint contained in this injunction, except a trial of the action. To such a trial he was forced by the order of the court continuing the injunction, and the necessary expenses incurred by him in thus procuring relief from the restraint contained in the injunction order were properly damages caused by the granting of the injunction. This principle was recognized in Hovey v. Pencil Co., 50 N. Y. 336, decided at the same term of the court as was Andrews v. Woolen Co., supra. The distinction between these two cases is sharply drawn. To entitle the defendant to recover the costs of the trial, it must appear that such a trial was necessary, to procure a revocation of the preliminary injunction. If, by reason of the defendant's laches, or a failure to move to vacate the injunction, the injunction is continued to the trial, then the defendant will not

be allowed the expenses incurred by him in trying the action. Where, however, the defendant has done all that he could do to avoid the continuance of the injunction until the trial, but not withstanding such efforts the injunction is continued, and a trial is necessary to remove the restraint, then the necessary expenses incurred in preparing for and upon the trial of the action are damages sustained by the defendant in consequence of the injunction.

We think, therefore, that the defendant was entitled to be paid the expenses incurred upon the trial of the action. The amount allowed by the referee was the sum of $1,500. A statement of the services rendered by counsel was put in evidence, which included all the services rendered in the action from the time of the service of the complaint until the entry of final judgment. These services included the preparation of the affidavits in opposition of the motion to continue the injunction, the argument of that motion, the preparation of the answer, the entry of the order continuing the injunction, the justification of the sureties given upon the undertaking, the preparation for trial, services rendered upon the trial, and entry of the final judgment; and for these services, as a whole, the referee based his allowance of $1,700. It would seem to be quite clear that the defendant would not be entitled to recover for the services rendered by counsel prior to the entry of the order continuing the injunction. That order was entered on the 17th of July. All the services rendered in the preparing for the trial of the action appear to have been rendered prior to that time. What was done after that was the trial of the case on October 9 and 10th, and the forwarding of the papers to the judge who tried the case on the 20th, and the services that were rendered between January 16, 1900, and February 13, 1900, in preparing the final judgment and procuring it to be entered. The referee does not seem to have made a separate allowance for the services that were rendered on the entry of the order continuing the injunction, but allowed for all of the services, both prior and subsequent to the entry of such order, the sum of $1,500, excluding the services rendered in opposition to the motion to continue the injunction. As we have the evidence of the witnesses before us, it would seem proper to avoid the expense and delay incident upon a retrial of this question before a referee; and I think a fair allowance for the services rendered subsequent to the entry of the order continuing the injunction would be $500.

The result, therefore, is that the order appealed from is modified, and the objections filed by the plaintiffs to the allowance by the referee of the sum of $300 for the services in opposing the motion to continue the injunction, and to the $1,500 allowed for services rendered to the plaintiff generally in the action, sustained, the award of $300 for services rendered in opposition to the motion to continue the injunction disallowed, and the amount allowed for the services on the trial of the action fixed at the sum of $500, and the order appealed from, as thus modified, affirmed, without costs to either party on this appeal. All concur.