George Tilzer, J.
These are two companion motions by the defendant David Subin to vacate two warrants of attachment and to set aside any and all levies made thereunder, on the grounds that the papers upon which the said warrants were granted were insufficient to confer jurisdiction upon the Justice who granted same, and in that they do not show a cause of action in favor of the plaintiff against the defendant Subin.
The warrants were procured upon the summons and verified complaint and the affidavit of the present president of the plaintiff corporation. The cause of action sought to be alleged by the plaintiff is one to recover money damages against the movant, Subin, and one Leopold D. Silberstein, for the waste and dissipation of corporate assets by virtue of an alleged conspiracy whereby through numerous transactions and agreements assets of the plaintiff corporation were diverted and paid over to Subin.
The warrants were sought solely against Subin, a nonresident of this State. Two were issued, the first on August 11, 1958, to attach property of Subin to the extent of $300,000, and the second, on August 15, 1958, to attach further property of Subin to the extent of $741,500. Levies have been made pursuant to these warrants in excess of $1,041,500.
Looking to the papers upon which the warrants were issued, it appears that they do not contain sufficient evidentiary facts from which the court could find that the plaintiff made out a prima facie case against the defendant Subin. The affidavit in support of the attachments, moreover, failed to contain evidence from which the court could determine that the ultimate facts stated in the pleading can be substantiated. The affidavit is conclusory in nature, inferring wrongdoing and diversion of assets of the plaintiff based upon the information and belief and the opinion of the affiant without supporting basis. The affidavit states the same ultimate facts contained in the complaint without stating evidentiary facts to show plaintiff’s cause of action.
The court cannot create a cause of action where none is alleged. The complaint specifically alleges that the transactions were entered into by plaintiff by its board of directors. No facts were alleged, however, that such transactions were without authority; that they were not fully disclosed to the board of *966 directors; that they were the result of fraud or conduct so manifestly oppressive as to be the equivalent of fraud, or that the corporation disaffirmed the transactions. Unsupported charges of spoliation and waste do not plead an actionable wrong. Lastly, it must be noted that although the complaint alleges damage to the plaintiff in the amount of $1,041,500, nowhere is the court informed as to the method by which this sum is arrived at. While a plaintiff is not called upon to ‘ indicate the exact dollar amount by which plaintiff was despoiled by the defendants’ derelictions,” evidentiary facts must be stated with some degree of particularity to show the liability of the defendant for the amount stated.
The motions are granted. The attachments are vacated, with costs.
Settle orders.