vides, among other things, that an action may be discontinued by filing with the clerk a stipulation for such discontinuance signed by the attorneys of record for all parties. The making and filing of such a stipulation has the same effect as an order of discontinuance. This rule was so amended on recommendation of the Judicial Council (see Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 197–217). Here the parties entered into a stipulation in open court agreeing, among other things, that the action be discontinued but there was no compliance with the express provisions of this rule. The distinction is pointed up by our decision in *American Progressive Health Ins. Co.* v. *Chartier* (6 A D 2d 579) wherein a formal stipulation of discontinuance, containing the terms of the settlement, had been signed by the parties and their respective attorneys and filed with the clerk. In such event, the parties are relegated to relief in the form of a new action upon the contract provisions of the stipulation. The allowance of costs, however, was an improvident exercise of discretion. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bastow, JJ.

■ In the Matter of the Arbitration between NTA, INC., Respondent, and TABLEAU TELEVISION, LTD. et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ. [11 Misc 2d 333.]

4 In the Matter of THOMAS W. GLEASON, SR., as Trustee of the NYSA-ILA (IND.) Welfare Fund, Appellant, against WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ. [14 Misc 2d 900.]

■ In the Matter of the Arbitration between BENJAMIN F. GRAY, Individually, and on Behalf of BARBARA G. BROWN and Others, Respondent, and JAMES TALCOTT, INC., Appellant.— Order so far as appealed from unanimously reversed, on the law, with $20 costs and disbursements to the respondent-appellant, and the motion denied, with $10 costs, on the ground that the objections to the demand were waived by the participation of both parties in the selection of arbitrators. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ PENN-TEXAS CORPORATION, Appellant, v. DAVID SUBIN, Respondent, et al., Defendant.— Orders unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ. [13 Misc 2d 964.]

■ In the Matter of the Arbitration between EXCHANGE MUTUAL INSURANCE COMPANY, Appellant, and FRANK SCANDURA, as Guardian ad Litem of MADELINE SCANDURA, an Infant, et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ ANNETTE FEINGOLD et al., Appellants, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ HERMAN FORBES et al., Appellant, v. NATHAN R. FINKELSTEIN et al., Respondents.— The order entered at Special Term on January 14, 1959, is modified to restore items 24, 28, 29 and 38, and to delete the phrase, " are allowed for the period after May 24, 1952." As modified, the order is otherwise affirmed on the facts and on the law and in the exercise of discretion, with