DAVID L. SUBIN, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, December 13, 1960.

*Samuel Becker* for appellant.

*Leonard G. Bisco* of counsel (*Bisco, Winkler & Higgiston,* attorneys), for respondent.

VALENTE, J. An action was commenced in August, 1958, by Penn-Texas Corporation against plaintiff-respondent and another to recover damages of over one million dollars for an alleged conspiracy to divert and waste the assets of the corporation. In that suit, defendant-appellant executed two undertakings in the sums of $15,000 and $35,000, respectively, to support warrants of attachment issued against the property of plaintiff. The undertakings, required by section 907 of the Civil Practice Act, were to the effect that if the warrants were vacated defendant would pay all damages which plaintiff might sustain by reason of the attachments.

Levies under the warrants of attachment were made on plaintiff's property, consisting of cash and marketable securities on deposit with banks and a brokerage firm in the amount of $1,726,721.73. Thereafter, on motions made by the defendant in that action (plaintiff herein), the warrants of attachment were vacated and the levies made thereunder were set aside on the ground that the papers upon which the warrants were issued did not contain sufficient evidentiary facts to show a cause of action (*Penn-Texas Corp.* v. *Silberstein,* 13 Misc 2d 964). This court unanimously affirmed (*Penn-Texas Corp.* v. *Subin,* 8 A D 2d 799).

Plaintiff then brought the present suit to recover the damages sustained by reason of the attachments. The claim for damages fell within two categories: (1) interest at the legal rate on the value of the property attached during the period the levies were in force, and (2) attorneys' fees and disbursements of both New York and Philadelphia counsel for services rendered in vacating the warrants. Summary judgment was granted on plaintiff's motion and an assessment was directed for the purpose of determining the amount of damages. After taking

testimony, the trial court ordered judgment in favor of plaintiff which included attorneys' fees to New York and Philadelphia counsel and $9,086.42 as legal interest at the rate of 6% per annum on the property attached for the period of the levies.

On this appeal, defendant urges (1) that plaintiff was not entitled to interest at the legal rate upon the value of the property attached, (2) that the award of attorneys' fees to Philadelphia counsel was improper and (3) the award of attorneys' fees to New York counsel was excessive.

In the matter of the propriety and quantum of the attorneys' fees, our examination of the record convinces us that the awards were proper and not excessive. However, in view of the paucity of appellate court decisions in this State on the question, the award of interest at the legal rate of 6% has posed a problem which necessitates some clarification.

In determining the damages, the trial court included interest at 6% upon the cash and marketable securities levied upon for the duration of the attachment. Objection is made because plaintiff offered no proof as to whether the bank deposits and securities earned interest or dividends during the attachment, or whether he could have invested these funds to earn 6%. Appellant contends that in the absence of proof of damages by reason of the detention, the plaintiff was not entitled to an award of interest upon the value of the property attached for the period of the attachment. That argument relies mainly upon *Plessner* v. *Continental Cas. Co.* (25 Misc 2d 518). That case can be distinguished in that the court there stated additional reasons why the plaintiff must fail in his claim for damages for loss of the use of funds which were attached. We prefer, however, to reject the conclusion in *Plessner* that legal interest is not an item of damage in the absence of proof that the securities and cash could have earned 6%. In *McNaughton* v. *International Diesel Elec. Co.* (286 App. Div. 1021) interest at the rate of 6% was allowed on the face amount of a certified check which had been attached for the period of the levy. Although *Plessner* v. *Continental Cas. Co.* (*supra*) was called to the court's attention in *McNaughton,* it was evidently knowingly disregarded.

There is a presumption of damage, measured by the legal rate of interest, where there has been a deprivation of possession of property (see *Phoenix Bridge Co.* v. *Keystone Bridge Co.,* 10 App. Div. 176, 182, affd. 153 N. Y. 644). In cases of trover and conversion legal interest is allowed as a matter of right (*Flamm* v. *Noble,* 296 N. Y. 262, 268; *McCormick* v. *Pennsylvania Cent. R. R. Co.,* 49 N. Y. 303, 315; *Andrews* v. *Durant,* 18 N. Y.

496; see *Wilson* v. *City of Troy,* 135 N. Y. 96, 104). The same rule is followed in a replevin action (*Govin* v. *De Miranda,* 140 N. Y. 474, 479).

Distinctions have been made in cases of attachments between those vacated because of irregularity, e.g., lack of jurisdiction, or because of impropriety. Where there has been an irregularity, a suit may be brought against the party obtaining the attachment in the nature of a trespass (see *Bornstein* v. *Levine,* 7 A D 2d 843). Where there has been mere error, the only redress is upon the undertaking which is the "source and measure of liability" (*City of Yonkers* v. *Federal Sugar Refining Co.,* 221 N. Y. 206, 209). As was said in *City of Yonkers* (p. 209): "Public policy was thought to demand that the free pursuit of remedies in the courts should not be obstructed by the menace of liability for innocent mistake."

However, that public policy can be fully effectuated by the limitation of liability to the amount of the undertaking. But insofar as a person is deprived of the possession of his property, the deprivation is as effective and harmful when accomplished by a provisional remedy as by a conversion or trespass. Even though the extent of liability may differ — being limited to the undertaking in the case of a provisional remedy — the underlying elements of damage, such as interest, are, as a practical and logical matter, the same.

Hence, in considering whether legal interest is a proper item of damage, there is no reasonable basis nor is there any dictate of public policy for any distinction between its allowance in some cases of conversion or detention of money and other property as a matter of course, and a requirement of proof of special damage where the deprivation is a consequence of a provisional remedy.

While the precise point involved on this appeal has not been passed upon directly by an appellate court in this State, the decisions in other jurisdictions have ruled that the measure of damages by reason of the detention of money under an attachment is the legal rate of interest which represents the reasonable value of the loss of use of the money (*Schneider* v. *Zoeller,* 175 Cal. App. 2d 354; *Gray* v. *American Sur. Co.,* 129 Cal. App. 2d 471). In a comprehensive annotation in the American Law Reports (36 A. L. R. 2d 337–500) cases are set forth at pages 381 and 389 which indicate that in other States damages for a wrongful levy and attachment include legal interest on the value of the property in the same manner as in an action for trover or conversion (see, also, 5 Am. Jur., Attachment and Garnishment, § 1013).

We have concluded, therefore, that a proper element of damage for the detention of plaintiff's securities and cash under the warrants of attachment was the legal rate of interest, and it was not incumbent on the plaintiff to offer proof of actual loss or the ability to invest the funds at 6% interest.

The judgment should therefore be affirmed in all respects, with costs to respondent.

BOTEIN, P. J., BREITEL, McNALLY and STEVENS, JJ., concur.

Judgment unanimously affirmed, with costs to the respondent.