FLORENCE K. RICHMAN, Appellant-Respondent, v NATHAN H. RICHMAN et al., Respondents-Appellants.

Third Department, June 10, 1976

*Medwin & McMahon (John K. Powers* of counsel), for appellant-respondent.

*Harold E. Blodgett* for respondents-appellants.

LARKIN, J. This is an action commenced because of the wrongful attachment of various savings accounts and 50 shares of Sears stock, belonging to plaintiff. The parties stipulated to an order granting summary judgment to the plaintiff

and a nonjury trial was held to determine the plaintiff's damages. The trial court fixed plaintiff's damages for the loss of use of her securities and savings accounts at the legal rate of interest, 7.5%, during the 188-day period that they were wrongfully attached and ordered that plaintiff recover the sum of $5,799.80. The court also ordered that plaintiff recover the sum of $4,500 as the fair and reasonable amount for her attorney's fees.

On this appeal, defendants urge that plaintiff was required to prove her damages, if any, and, thus, the automatic awarding of damages at the legal rate of interest was reversible error. Defendants further urge that even if damages at the legal rate of interest were proper, the damages should have been limited to the difference between the amount which the money so attached would have earned at the legal rate of 7.5% and the amount which plaintiff's funds actually earned while attached for the 188-day period.

Because the only relevant New York decisions support various approaches, it is necessary to consider herein the proper measure of damages in wrongful attachment cases. Defendants' first argument, that plaintiff is not entitled to any interest on the funds attached because she has not established any damages, finds support in *Plessner v Continental Cas. Co.* (25 Misc 2d 518). In *Plessner,* the court refused to accept the proposition that the legal rate of interest was the measure of damages for the loss of use of funds wrongfully attached and held that in the absence of affirmative proof, the plaintiff had failed to show damages sustained by reason of the attachment. Two Appellate Division cases, however, arrive at a different conclusion.

In *McNaughton v International Diesel Elec. Co.* (286 App Div 1021), the defendant had wrongfully attached a $35,000 certified check which had been deposited by plaintiff. The decision does not indicate whether the deposited check was drawing interest, but, in modifying the trial court, the Appellate Division awarded plaintiff the legal rate on the sum attached. In *Subin v United States Fid. & Guar. Co.* (12 AD2d 49), defendant had attached plaintiff's cash and marketable securities on deposit with banks and brokerage firms. The Appellate Division specifically rejected the *Plessner* conclusion that "legal interest is not an item of damage in the absence of proof that the securities and cash could have earned 6%" *(Subin v United States Fid. & Guar. Co., supra,* p 51) and

stated "we have concluded * * * that a proper element of damage for the detention of plaintiff's securities and cash under the warrants of attachment was the legal rate of interest, and it was not incumbent on the plaintiff to offer proof of actual loss or the ability to invest the funds at 6% interest" (id., at p 53).

In the instant case we conclude that the trial court's decision to use the legal interest rate as the measure of damages for the loss of use of one's funds by reason of a wrongful attachment was correct and that it was not necessary for the plaintiff to offer any proof in that regard (Subin v United States Fid. & Guar. Co., supra; McNaughton v International Diesel Elec. Co., supra; Simpson v United States Fid. & Guar. Co., 15 F2d 389; Dody v State Bank of Commerce, 82 Kan 406). There is, however, New York case law to the effect that plaintiff's damages are limited to the legal rate of interest for the time the moneys were attached less any interest or dividends that the attached funds may have earned during the period of attachment (Northampton Nat. Bank v Wylie, 52 Hun 146, affd 123 NY 663). Although there is a presumption of damage measured by the legal rate of interest where there has been a deprivation of possession of property (see Phoenix Bridge Co. v Keystone Bridge Co., 10 App Div 176, affd 153 NY 644), those damages may be minimized by proof of the interest and dividends earned by the property so attached during the period of attachment (Northampton Nat. Bank v Wylie, supra). We believe that this is the proper measure of damages.

The trial court in this case could not have been expected to subtract the interest which plaintiff had earned on her savings accounts and the dividends which had accrued on her securities during the period of wrongful attachment, because there had been no proof in this regard offered at the trial. Nevertheless, because of the paucity of cases in New York and the somewhat conflicting views in the cases which have been reported, the interests of justice require that the case be remitted for the purpose of eliciting proof of the amount of money, if any, that the subject bank accounts and securities earned during the period of the wrongful attachment.

Plaintiff has cross-appealed from so much of the judgment as determined the value of the legal services rendered to her to be the sum of $4,500 and requests this court to modify said judgment to increase the sum awarded for legal services to

$15,000. In the matter of the quantum of attorneys' fees, our examination of the record convinces us that the award made by the Trial Justice was a fair and reasonable amount for the services rendered and should not be disturbed. We find the other issues raised herein to be without merit.

The judgment should be modified, on the law and the facts, by reversing so much thereof as awards plaintiff interest in the amount of $5,799.80 on the value of her property that was wrongfully attached, and matter remitted for a determination of the amount, if any, of interest and dividends earned by plaintiff on this property during the period of time that it was wrongfully attached, which amount should be deducted from the amount of interest to which plaintiff would otherwise be entitled, and, as so modified, affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by reversing so much thereof as awards plaintiff interest in the amount of $5,799.80 on the value of her property that was wrongfully attached, and matter remitted for a determination of the amount, if any, of interest and dividends earned by plaintiff on this property during the period of time that it was wrongfully attached, which amount should be deducted from the amount of interest to which plaintiff would otherwise be entitled, and, as so modified, affirmed, without costs.