■ Byblos Bank Europe, S.A., Respondent, v Sekerbank Turk Anonym Syrketi, Appellant. [853 NYS2d 51]—

With respect to its actual damages due to the loss of use of the attached funds, defendant is entitled at a minimum to recover interest at the legal rate, reduced by the amount of the earnings on the attached funds during the period they are held (*see Subin v United States Fid. & Guar. Co.*, 12 AD2d 49, 52-53 [1960]). The legal rate of interest, however, does not also set a ceiling on the amount of defendant's actual damages. As the Fourth Department has stated, "[w]e perceive no reason why a party who is wrongfully deprived of the use of his funds may not recover damages representing more than the legal interest rate, provided that he can prove that such damages were actually sustained as a proximate result of the deprivation" (*Dean v McHugh Constr. Co.*, 56 AD2d 716, 718 [1977]).

Moreover, contrary to Supreme Court's determination, the affidavits submitted by defendant in support of its contention that it would have earned substantially more than the legal rate of interest were not, as Supreme Court stated in its decision and order, "wholly conclusory." To the contrary, the factual as-

sertions were more than sufficiently detailed to warrant a hearing on defendant's contention. Accordingly, we direct that such a hearing take place as soon as practicable and that the undertaking be increased if and to the extent defendant establishes at the hearing that it would have earned more than the legal rate of interest. In any event, the undertaking should be increased to protect defendant's right to recover interest at the legal rate of interest less the amount of the earnings on the funds.

Finally, we reject plaintiff's contention that defendant was required to mitigate its damages by borrowing money to replace the attached funds. Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.