(117 App. Div. 814)

### REEVES v. SULLIVAN et' al.

(Supreme Court, Appellate Division, Second Department.   March 8, 1907.)

Injunction—Dissolution—Damages—Counsel Fees.

 Counsel fees incurred in successfully resisting the continuance of a pre-liminary injunction are properly recoverable in proceedings on the injunc-tion bond.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 597.]

Appeal from Special Term, Kings County.

Action by Alfred H. Reeves against Timothy D. Sullivan and others. From an order denying a motion for a reference to ascertain damages, defendants appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and RICH, JJ.

Louis J. Vorhaus and Charles Goldzier, for appellants.

Isidor Niner, for respondent.

RICH, J.   The order for the preliminary injunction provided, among other things, "that the defendants and each of them be enjoined and re-strained from permitting any show other than the 'Al Reeves Company' to play or appear at the Dewey Theater during the week beginning De-cember 17, 1906, and that the defendants and each of them be enjoined from preventing the 'Al Reeves Company' from appearing and playing at the Dewey Theater during the week beginning December 17, 1906, and from failing to furnish the Dewey Theater to plaintiff for the ap-pearance of the 'Al Reeves Company' during the week begining De-cember 17, 1906, well lighted, warmed, and cleaned, with the scenery and equipments contained therein, necessary grips under direction of house carpenter, stage hands, property man and his assistant, gas man, janitors, electric current in house, ushers, ticket sellers, doorkeepers, regular orchestra, coupons and regular tickets, house premiums, all li-censes, billboards, bill posting and distributing, and regular newspaper advertising, and from turning over and paying to the plaintiff 50 per cent. of the gross receipts therefor during the said week of December 17, 1906, after deducting $150 for newspaper and extra advertising; and that the defendants and each of them be further enjoined and re-strained from playing or permitting to be played at the Dewey Theater during the seasons of 1906–07, 1907–08, and 1908–09, or during such seasons permitting any burlesque play or show or any show of any char-acter other than those designated by the schedule or wheel referred to in the complaint herein." The undertaking given upon the application for the injunction, after reciting the provisions of the order quoted above, provided:

"That the plaintiff will pay to the defendant, so enjoined, such damages, not exceeding the before-mentioned sum, as they may sustain by reason of the in-junction, if the court finally decides that the plaintiff is not entitled thereto; such damages to be ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry or otherwise, as the court shall direct."

The only question presented for our determination is whether counsel fees incurred on the motion upon the return of the show cause order

was a proper element of damages. The motion for the injunction pendente lite was denied, and the preliminary injunction annulled, revoked, and set aside. In the case of Sargent v. St. Mary's Orphan Boys' Asylum, 112 App. Div. 674, 98 N. Y. Supp. 632, cited by the learned counsel for the respondent, the preliminary order was limited to expire on the hearing and determination of the motion to continue; and, as Justice Nash pointed out, counsel was employed to oppose the motion for an injunction pendente lite. No order to vacate the temporary restraining order was required, and none was made. The expenses incurred for such services are not recoverable. After the decision of the motion to continue the injunction, the restraining order was no longer of any force or effect in the Sargent Case.

In the case at bar, however, the preliminary injunction enjoined and restrained defendants during the theatrical seasons of 1906–07, 1907–08 and 1908–09. We think it was reasonable that defendants should appear by counsel upon the motion, and, if so advised, to urge that the order be vacated, and that the legitimate items of expense incurred to this end are legitimate and proper elements of damages. Perlman v. Bernstein, 93 App. Div. 335, 87 N. Y. Supp. 862.

The injunction might have remained in force, had defendants failed to appear; and the order must be reversed, with $10 costs and disbursements, and motion granted. All concur.